UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LUIS E. M. C., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, *United States Attorney General*; <br><br> KRISTI NOEM, *Secretary, United States Department of Homeland Security*; <br><br> TODD M. LYONS, *Acting Director, United States Immigration and Customs Enforcement*; <br><br> DAVID EASTERWOOD, *Acting Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*; <br><br> Respondents. | Civil No. 26-333 (JRT/DTS) <br><br><br> **MEMORANDUM OPINION AND ORDER DENYING RESPONDENTS' MOTION TO DISMISS OR TRANSFER AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

---

Claire Glenn, **CLIMATE DEFENSE PROJECT**, PO Box 7040, Minneapolis, MN 55407, for Petitioner.

Ana H. Voss, Liles Harvey Repp, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

On January 15, 2026, Petitioner Luis E. M. C. filed a Petition for a Writ of Habeas Corpus. (Docket No. 1.) Respondents then filed a Motion to Dismiss or Transfer (Docket No. 5) and submitted a consolidated memorandum offering arguments on the motion to dismiss as well as on the merits of the habeas petition. Because the Court concludes that

it possesses jurisdiction over this case and that Petitioner's detention is unlawful, the Court will deny Respondents'' Motion to Dismiss or Transfer and order Petitioner's immediate return to Minnesota and release from custody.

**FACTS**

Petitioner is a resident of St. Paul, Minnesota and a citizen of Ecuador. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 7, Jan. 15, 2026, Docket No. 1; Decl. of Xiong Lee ("Lee Decl.") ¶ 4, Jan. 19, 2026, Docket No. 7.) Respondents state that he "entered the United States at an unknown place on an unknown date and entered the United States without inspection or parole." (Lee Decl. ¶ 5.) Petitioner says that he has resided in the United States since 2011. (Pet. ¶ 12.)

U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner on January 12, 2026. (*Id*. ¶ 12.)[1] He was immediately "transported to the [Enforcement and Removal Operations] St. Paul office for processing." (Lee Decl. ¶ 6.)

Petitioner filed a Petition for Writ of Habeas Corpus on January 15, 2026. (Docket No. 1.) The petition alleges that Petitioner "was not shown or provided an arrest warrant when he was detained" (Pet. ¶ 16), and he requests his immediate release, or in the

---

[1] Respondents state that "[Enforcement and Removal Operations] St. Paul encountered [Petitioner] during ICE operations in New Richmond, WI." (Lee Decl. ¶ 6.) Petitioner questions whether this "means to convey that Petitioner was surveilled in Wisconsin (and then arrested in Minnesota), or surveilled and arrested in Wisconsin." (Pet.'s Reply at 8 n. 3, Jan. 21, 2026, Docket No. 10.) In any event, the precise location of Petitioner's arrest is immaterial to the relevant issues before the Court.

alternative, a bond hearing, on the grounds that his continued detention is violates the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act (Pet. ¶ 30–47).

Respondents, in turn, filed a motion requesting that the Court dismiss the petition, or in the alternative, transfer it to the United States District Court for the Western District of Texas. (Mot. Dismiss or Transfer, Jan. 19, 2026, Docket No. 5.) Respondents argue that because Petitioner was transferred out of the District of Minnesota before the filing of his habeas petition, this Court lacks jurisdiction. Petitioner argues that an exception to the baseline jurisdictional rules in habeas cases applies here, because counsel had no way of ascertaining Petitioner's location at the time the petition was filed, and Minnesota was his last known, and thought to be his continued, location.

As directed in the Court's January 15, 2026 Order, Respondents' memorandum also addressed the merits of the petition. They argue that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2) and ask the Court to deny the petition.

## DISCUSSION

**I.     MOTION TO DISMISS OR TRANSFER**

Respondents argue that the Court lacks jurisdiction to adjudicate the merits of Petitioner's habeas petition because Respondents removed Petitioner from Minnesota

before the petition was filed. After careful consideration, the Court will deny the motion to dismiss or transfer.[2]

In a typical case involving a habeas petition brought under 28 U.S.C. § 2241(a), a petitioner who "seeks to challenge his present physical custody within the United States . . . should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004). These procedural requirements exist because a writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody," *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973), and the district court must "have jurisdiction over" that custodian, *Padilla,* 542 U.S. at 442. The Supreme Court has described these rules, which are "derived from the terms of the habeas statute," as being intended to "prevent[] forum shopping by habeas petitioners"—because without them, a prisoner could name a "high-level supervisory official as respondent and then sue that person wherever he is amenable to long-arm jurisdiction." *Id.* at 447.[3]

---

[2] This Court recently considered similar facts in *Abdiselan A. A. v. Bondi*, Civil No. 26-358, 2026 WL 161526 (D. Minn. Jan. 21, 2026) and reached a similar conclusion.

[3] "These rules, however, are not jurisdictional in the sense of a limitation on subject-matter jurisdiction." *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring). They are instead "best understood as a question of personal jurisdiction or venue." *Id.*

But exceptions exist to these baseline rules. *See Padilla*, 542 U.S. at 435; *see also Xia v. King*, No. 24-2000, 2025 WL 240792, at *2 (D. Minn. Jan. 17, 2025) (recognizing the existence of certain exceptions). For example, the Supreme Court has recognized that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply" the typical rules for determining the proper forum for a habeas petition. *Padilla*, 542 U.S. at 450 n.18.

The information before the Court shows that at the time of the filing of the habeas petition in this case, Petitioner was held in an undisclosed location by an unknown custodian. Petitioner, a resident of St. Paul, was arrested on January 12 and immediately detained in Minnesota. In a declaration submitted by Plaintiff's counsel, she states that after the arrest, Petitioner called Petitioner's wife "from a detention facility in Minnesota and indicated he had been informed that he was not being transferred." (Decl. of Claire Nicole Glenn ("Glenn Decl.") ¶ 3, Jan. 22, 2026, Docket No. 13.) Plaintiff's counsel states further that when she checked ICE's "Online Detainee Locator" immediately prior to filing the habeas petition, the website did not display **any** location for Petitioner and instead stated "Call ICE For Details." [4] (*Id.* ¶ 2.) Having no reason to consider any other District as the proper forum for the petition, counsel filed it in the District in which Petitioner was believed to be confined—this one. But in fact, Respondents had transported Petitioner

---

[4] Counsel states that she has "made numerous efforts to call ICE's St. Paul Field Office in the past eleven days, and every time [she has] done so [she is] met with a busy signal." (Glenn Decl. ¶ 4.)

to a detention facility in El, Paso Texas, where he landed at 4:05 p.m. CST on January 13—roughly two days before the habeas petition was filed. (Lee Decl. ¶ 9.)

This fact does not deprive the Court of jurisdiction. "The very nature of the writ [of habeas corpus] demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Harris v. Nelson*, 394 U.S. 286, 291 (1969). The Court concludes, as other courts in this District have, that when "Government-controlled transfers," like the one in this case are "executed within hours of detention and before communication with counsel is possible" such conduct "risk[s] defeating timely judicial review." *E.E. v. Bondi*, No. 26-314, at 5 (D. Minn. Jan. 17, 2026). Departing from the presumptive jurisdictional inquiry in certain narrow situations such as this one helps ensure that the "the Kafkaesque specter of supplicants wandering endlessly from one jurisdiction to another in search of a proper forum" does not come to pass. *Eisel v. Sec.'y of the Army*, 477 F.2d 1251, 1258 (D.C. Cir. 1973). To alleviate these concerns and to allow the Court to provide timely relief to Petitioner, the Court finds that it possessed jurisdiction at the time Petitioner's counsel filed the habeas petition and retains it still.

## II.   PETITION FOR WRIT OF HABEAS CORPUS

The Court now turns to the merits of the petition. Respondents contend that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). However, as in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. 2025), alongside

hundreds of district court decisions nationwide, the Court concludes the mandatory detention provision of § 1225(b)(2) does not apply to Petitioner. While the record contains few facts regarding Petitioner's arrival to the United States, it appears clear that, for the same reasons stated in *Herrera Avila*, Petitioner's long presence in the United States prior to his arrest means that he is not subject to the mandatory detention under § 1225(b)(2).

The Court therefore turns to the proper remedy. In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced any warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**.

2. Respondents' Motion to Dismiss or Transfer (Docket No. [5]) is **DENIED.**

3. Respondents shall immediately return Petitioner to the State of Minnesota within 72 hours, where he must be released from custody.

4. Additionally, within 72 hours, the parties shall file a notice with the Court concerning the status of Petitioner's release.

DATED: January 23, 2026                             _____/s/ John S. Tunheim_____
at Minneapolis, Minnesota,                         JOHN R. TUNHEIM
at 3:00 P.M.                                        United States District Judge